

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,116-02

### EX PARTE GALVIN DIXON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1331100-A IN THE 176TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated assault and sentenced to fifty years' imprisonment. The First Court of Appeals affirmed his conviction. *Dixon v. State*, No. 01-12-00905-CR (Tex. App. — Houston [1st Dist.] Jan. 23, 2014) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

On March 3, 2020, the trial court entered an order designating issues, but that order was not timely, and the district clerk properly forwarded this application to this Court pursuant to this Court's delayed-writ mandamus order. However, the application was forwarded before the trial court made findings of fact and conclusions of law. We remand this application to the trial court to complete

its evidentiary investigation and make findings of fact and conclusions of law.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: February 24, 2021
Do not publish